

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2010

# In Re: Gbeke Awala

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Gbeke Awala " (2010). *2010 Decisions.* Paper 2100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-087                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4573

IN RE: GBEKE MICHAEL AWALA,
                                        Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Crim. No. 1-04-cr-00090-001)

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 31, 2009

Before:  SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: January 6, 2010)

OPINION

PER CURIAM

        Pro se petitioner Gbeke Michael Awala was convicted in the United States District

Court for the District of Delaware of one count of illegal re-entry into the United States

following deportation based on his status as an aggravated felon.  He now seeks a "writ of

mandamus" to compel the District Court to enter a judgment of acquittal, grant him a new

trial, make a finding of judicial misconduct, declare that he is a citizen of the United

States, enjoin the Department of Homeland Security from removing him to Africa,

require the Department of Homeland Security to return his baptismal certificate and

circumcision records, and order the Federal Government to pay him $1 billion in damages. For the reasons that follow, we will deny the petition.

Awala was convicted on January 18, 2006. He subsequently filed a number of motions requesting a new trial, the entry of a judgment of acquittal, and release from custody, among other forms of relief. Following his sentencing in May 2006, he filed a notice of appeal in this Court, raising many of the same issues presented in the instant petition. While his appeal was pending, Awala filed several motions for relief pursuant to 28 U.S.C. § 2255 and motions for certificates of appealability. On January 11, 2008, this Court affirmed Awala's conviction and sentence. See United States v. Awala, C.A. Nos. 05-5479 & 06-2718 (3d Cir. Jan. 11, 2008). At the present time, Awala's most recent § 2255 motion remains pending in the District Court.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (quoting United States v. Duell, 172 U.S. 576, 582 (1899))). The writ of mandamus may not be used as a substitute for the regular appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). As evidenced by the number of motions, petitions, and other requests for relief Awala has filed both in the District Court and in

2

this Court, other adequate means are available to obtain the relief Awala seeks. Awala's lack of success in litigating these claims does not mean that there is no mechanism available to him to seek such relief. Furthermore, Awala has made no showing that the right to issuance of the writ under these circumstances is "clear and indisputable."

Based on the foregoing, we will deny the petition for a writ of mandamus.